Gretchen GANZ, Bruce Graham, Virginia L. Horn, Rita F. Neary, and Candida A. Szabo, individually and as class representatives, Appellants,

v.

ALASKA AIRLINES, INC., Appellee.

No. S–8050.

Supreme Court of Alaska.

Aug. 14, 1998.

---

**16.** The treaty uses "chinook" instead of "king."

**1016**

Michael M. Holmes, Faulkner, Banfield, Doogan & Holmes, Seattle, WA, for Appellants.

Thomas M. Daniel and Katherine C. Tank, Perkins Coie, Anchorage, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

*OPINION*

FABE, Justice.

## I.  INTRODUCTION

This appeal arises from a dispute between Alaska Airlines and several of its Prudhoe Bay employees over interpretation of statutory exemptions from the overtime provision of the Alaska Wage and Hour Act (AWHA). Under the terms of their collective bargaining agreements, the employees work fourteen consecutive twelve-hour days, followed by fourteen days off. They receive overtime payments only for hours worked in excess of this schedule. The employees sued Alaska Airlines, arguing that pursuant to AWHA's overtime provision, they are entitled to overtime payments for work in excess of forty hours a week or ten hours a day. The superior court rejected this argument and granted summary judgment in favor of Alaska Airlines. Because we conclude that the employees' work schedule contained in their collective bargaining agreements is exempt from AWHA's overtime provision, we affirm.

## II.  FACTS AND PROCEEDINGS

The employees currently work or have worked for Alaska Airlines in Prudhoe Bay as customer service agents, mechanics, or ramp workers. They are members of the International Association of Machinists and Aerospace Workers Union and are employed under collective bargaining agreements.

The union and Alaska Airlines have entered into side letter agreements to provide for different work and pay schedules for Prudhoe Bay employees. The agreements, which are incorporated into the collective bargaining agreements, state that because the "remote location of Prudhoe and the lack of normal living facilities present unique working conditions not contemplated" by the main collective bargaining agreements, the employees shall work fourteen consecutive twelve-hour days followed by fourteen consecutive days off duty away from the station at Prudhoe Bay. The letter agreements provide that Alaska Airlines will pay overtime compensation only for work in excess of twelve hours a day.

In October 1995 the employees filed a complaint in the superior court alleging that Alaska Airlines's refusal to pay overtime for work in excess of eight hours a day or forty hours a week violated AWHA's overtime provision, AS 23.10.060.[1] Alaska Airlines replied that the employees' work schedule was exempt from AWHA's overtime requirements.

---

1. In their briefs to this court, however, the employees argue that they are entitled to overtime compensation for work performed in excess of *ten* hours a day and forty hours a week.

Both parties moved for summary judgment on the issue.[2]

In December 1996 Superior Court Judge John E. Reese denied the employees' motion and granted Alaska Airlines's cross-motion. The superior court concluded that the employees' work schedule was exempt from the overtime requirements of AWHA based on the plain meaning of AS 23.10.060 and its legislative history. The employees appeal.

## III. DISCUSSION

### A. Standard of Review

The standard of review for an appeal from summary judgment is *de novo*. *See Nielson v. Benton*, 903 P.2d 1049, 1052 (Alaska 1995). We "will uphold a summary judgment only if the record presents no genuine issues of material fact and 'the moving party was entitled to judgment on the law applicable to the established facts.'" *Newton v. Magill*, 872 P.2d 1213, 1215 (Alaska 1994) (citation omitted). If in reviewing a summary judgment we must answer questions of law, we will "adopt the rule of law which is most persuasive in light of precedent, reason and policy." *Id.* (citation omitted). Questions of statutory interpretation are also reviewed on a *de novo* basis. *See Boone v. Gipson*, 920 P.2d 746, 748 (Alaska 1996).

### B. The Employees' Work Schedule Is Exempt from AWHA's Overtime Provision.

■ The parties dispute whether the employees' work schedule is exempt from AWHA's overtime provision. Under the provision, an employer must pay nonexempt employees at one and one-half times their regular rate of pay for all hours worked in excess of eight a day or forty a week. *See* AS 23.10.060(b). Included in the provision, however, are express exemptions for certain work. *See* AS 23.10.060(d)(1)-(16). At issue in this appeal is the exemption for "work performed by an employee under a flexible work hour plan if the plan is included as part

of a collective bargaining agreement." AS 23.10.060(d)(13).

As AWHA does not define "flexible work hour plan," the parties advance conflicting interpretations of its proper construction. The employees argue that the term "flexible work hour plan" should be defined narrowly to include only work schedules that do not exceed forty hours a week or ten hours a day. According to their analysis, any work beyond these limits is not exempt from AWHA's overtime requirements. Thus, because they work eighty-four hours a week and twelve hours a day, the employees contend that their work schedule is not an exempt flexible work hour plan as defined by AS 23.10.060(d)(13) and that they are entitled to payment at the overtime rate for their work in excess of four ten-hour days each week. Alaska Airlines responds that the exemption for flexible work hour plans made pursuant to collective bargaining agreements under subsection (d)(13) is not limited to four ten-hour days a week.

■ This appeal requires us to interpret AS 23.10.060(d)(13). "Statutory construction begins with an analysis of the language of the statute construed in view of its purpose." *Borg–Warner Corp. v. Avco Corp.*, 850 P.2d 628, 633 n. 12 (Alaska 1993) (citation omitted). "The objective of statutory construction is to give effect to the intent of the legislature, with due regard for the meaning that the statutory language conveys to others." *City of Dillingham v. CH2M Hill Northwest, Inc.*, 873 P.2d 1271, 1276 (Alaska 1994) (citations omitted). "Though we give unambiguous statutory language its ordinary and common meaning, we have rejected the 'plain meaning' rule as an exclusionary rule, and we may look to legislative history as a guide to construing a statute's words." *Id.* at 1276 (citation omitted). In accordance with this approach, we turn first to the purpose of AS 23.10.060(d)(13) as conveyed by its language and then proceed to consider its legislative history.

The employees point to the purposes of AWHA's overtime provision as supporting

---

**2.** The employees also moved for partial summary judgment on the ground that the federal Railway Labor Act, 45 U.S.C. §§ 151–63, 181–88 (1986), did not preempt AWHA. The superior court denied the motion. The employees appeal this issue as well.

their interpretation of "flexible work hour plan." In *Janes v. Otis Engineering Corp.*, 757 P.2d 50 (Alaska 1988), we identified the purposes of AWHA's overtime provision as compensating employees for the "wear and tear of extra work" and "spread[ing] employment through inducing employers to shorten hours because of the pressure of extra cost."[3] *Id.* at 53 (quotations and citations omitted). The employees contend that these legislative objectives are best served by a definition of "flexible work hour plan" that limits the term to mean plans that do not exceed forty hours a week or ten hours a day.

We reject this argument because it fails to address the legislative objectives in enacting the *exemptions* to the overtime provision, including the exemption for flexible work hour plans made pursuant to collective bargaining agreements. *See* AS 23.10.060(d)(13). It is the proper construction of the (d)(13) exemption—not of the overtime provision generally—that is at issue in this appeal.[4]

Interpretation of AS 23.10.060(d)(13) profits from examination of its statutory context. Because the term "flexible work hour plan" appears in both subsection (d)(13) and subsection (d)(14), comparison of the two exemptions is particularly illuminating. Subsection (d)(13) states that an employer is not required to pay the overtime rate for work performed under a flexible work hour plan if the plan is included as part of a collective bargaining agreement. Subsection (d)(14) establishes a separate and more limited exemption for work under a flexible work hour plan if the plan is negotiated directly by an employee and an employer, without union

involvement. Under AS 23.10.060(d)(14), AWHA's overtime requirements do not apply to

work performed by an employee under a voluntary flexible work hour plan if

(A) the employee and the employer have signed a written agreement and the written agreement has been filed with the department; and

(B) the department has issued a certificate approving the plan that states the work is for 40 hours a week and not more than 10 hours a day; for work over 40 hours a week or 10 hours a day under a flexible work hour plan not included as part of a collective bargaining agreement, compensation at the rate of one and one-half times the regular rate of pay shall be paid for the overtime.

The exemption under subsection (d)(14) differs significantly from that of subsection (d)(13). As an initial matter, whereas subsection (d)(13) concerns plans negotiated by a union and imposes no certification requirements or express time limits, subsection (d)(14) refers to plans negotiated by an employee and imposes such requirements and limits. Moreover, the second part of subsection (d)(14)(B) expressly requires an employer to pay at the overtime rate for work in excess of forty hours a week or ten hours a day if the work is performed pursuant to a flexible work hour plan not included as part of a collective bargaining agreement. No such requirement appears in subsection (d)(13). We read this absence in subsection (d)(13) as signaling the legislature's intent not to restrict the exemption provided by subsection (d)(13). Had the legislature in-

---

**3.** The general purposes of AWHA, as distinguished from the specific purposes of the overtime provision, are identified in its public policy provision:

(1) establish minimum wage and overtime compensation standards for workers at levels consistent with their health, efficiency, and general well-being, and

(2) safeguard existing minimum wage and overtime compensation standards that are adequate to maintain the health, efficiency, and general well-being of workers against the unfair competition of wage and hour standards that do not provide adequate standards of living.

AS 23.10.050.

**4.** We also note that the employees' work schedule may not be inconsistent with the objectives of the overtime provision. Over the course of a four-week month, the employees work 168 hours, rather than the 160 hours worked under a schedule of five eight-hour days a week. Despite the greater number of hours worked, the employees enjoy the benefit of 14 consecutive days off duty away from Prudhoe. This schedule is not necessarily contrary to the objectives of reducing wear and tear on employees and spreading employment.

tended to impose the same restriction in subsection (d)(13) as it imposed in subsection (d)(14), it presumably would have included similarly restrictive language. *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 46.06 (5th ed. Supp.1998) ("While every word of a statute must be presumed to have been used for a purpose, it is also the case that every word excluded from a statute must be presumed to have been excluded for a purpose."); *Homer Elec. Ass'n v. Towsley*, 841 P.2d 1042, 1044 (Alaska 1992) (observing that if the legislature had intended a statute to provide the same protection as a code provision "it probably would have copied the code provision verbatim or used similarly clear language"). Review of the language of subsection (d)(13) in its statutory context therefore indicates that its exemption for a flexible work hour plan included as part of a collective bargaining agreement is not subject to the time limits set forth in subsection (d)(14).

■ Although our textual analysis suggests that subsection (d)(13) unambiguously exempts the employees' work schedule from AWHA's overtime requirements, this analysis does not conclude our inquiry. As we have rejected the rigid application of the plain meaning rule, we turn next to the legislative history of AS 23.10.060(d)(13). *See City of Dillingham v. CH2M Hill Northwest, Inc.*, 873 P.2d 1271, 1276 (Alaska 1994). We favor a "sliding scale approach" under which "the plainer the language of the statute, the more convincing contrary legislative history must be." *Chokwak v. Worley*, 912 P.2d 1248, 1251 (Alaska 1996) (citations omitted). Because the language of AS 23.10.060(d)(13) plainly exempts the employees' work schedule from AWHA's overtime requirements, we must determine whether the legislative history shows convincingly that the legislature intended the exemption to apply only to work schedules of forty hours a week and ten hours a day.

In support of their interpretation of subsection (d)(13), the employees point to the earliest version of the bill that later became AS 23.10.060(d)(13) and (14). House Bill 746 was introduced by Representative Sam Cotten in 1980. *See* House Bill (H.B.) 746, 11th Leg., 2nd Sess. (1980). Representative Cotten's testimony at the House State Affairs Committee hearings indicates that he intended H.B. 746 to allow employees to work four days a week for ten hours a day, instead of five days a week for eight hours a day, without requiring employers to pay overtime for the extra two hours a day. Hearing on H.B. 746 Before the House State Affairs Comm., 11th Leg., 2nd Sess. (March 10, 1980) (statement of Rep. Sam Cotten). In introducing the bill, Representative Cotten explained his intentions:

> What I'm interested in doing is allowing the people that are working four-tens to do that on a legal basis. Apparently it's not legal right now to work four-tens without the employer paying overtime for those extra two hours [a day].

*Id.*

In response to the question of how H.B. 746 would relate to union contracts, Representative Cotten responded:

> Well, the union contracts are, you know, something negotiated between the company and the employees. But they are, you know, they have to go by the law. And the law right now does not allow them to work four-tens without getting paid overtime.

*Id.*

Consistent with Representative Cotten's concerns, the House passed a version of the bill that arguably exempted only work schedules of four ten-hour days from AWHA's overtime provision regardless of whether work was performed under a plan included in a collective bargaining agreement.[5] Had

---

**5.** The House version of the bill read:

(17) [The AWHA's overtime provision does not apply with respect to] work performed by an employee under a voluntary flexible work hour plan (A) if the plan is included as part of a collective bargaining agreement; or (B) if the plan has been submitted to the Department of Labor with a certification from the employer

that a majority of the employees affected have agreed to the plan and the Department of Labor has issued a certificate approving the plan; and (C) the work is for 40 hours a week and not for more than 10 hours a day; for work over 40 hours a week or 10 hours a day under a flexible work hour plan compensation

Representative Cotten's version of the bill become law, the legislature's intent might well have been understood as only exempting four ten-hour days from the overtime requirements.[6] But the House version of the bill did not become law.

Instead, the Senate Labor and Management Committee altered H.B. 746 substantially by creating two separate exemptions, one for flexible work hour plans included in collective bargaining agreements and one for voluntary flexible work hour plans agreed to by individual, non-union employees. *See* Senate Committee Substitute for Committee Substitute for H.B. 746, 11th Leg., 2nd Sess. (1980). The Senate version of the bill was ultimately adopted into law and is codified at AS 23.10.060(d)(13)-(14). Significantly, the Senate version of the bill removed the four ten-hour days limit from the exemption dealing with collective bargaining agreements.

Had the legislature intended the time limits to apply to work plans included in collective bargaining agreements, it presumably would have left the House version intact.[7] That the Senate stripped the restrictive language from the collective bargaining provision is strong support for Alaska Airlines's argument that the four days a week, ten hours a day limit does not apply to flexible work hour plans adopted pursuant to collective bargaining agreements.

Valid policy concerns justify the differential treatment of a flexible work hour plan negotiated between a union and an employer and a flexible work hour plan negotiated between an individual employee and an employer. As the employees and Alaska Airlines both acknowledge, the distinction can be traced to the comparative bargaining powers of unions and individual employees. An individual employee generally has a weaker negotiating position than a union. Thus, subsection (d)(14) protects the employee by imposing mandatory limits on the amount of time an employer may require an employee to work without payment of overtime compensation, and by requiring certification procedures to monitor the negotiation process. Conversely, because a union bargains from a position of greater strength, the statute allows it to negotiate a work schedule without restrictions. *See* AS 23.10.060(d)(13).

In sum, although the bill's sponsor in the House may have originally intended a forty hours a week, ten hours a day limitation to apply to work plans included in collective bargaining agreements, the bill was modified so that the limitation does not apply to such plans. The legislative history of AS 23.10.060(d)(13) therefore demonstrates that the legislature did not intend the exemption for flexible work hour plans included in collective bargaining agreements to be limited to forty hours a week and ten hours a day.

Neither our textual analysis of subsection (d)(13) nor our review of its legislative history supports the employees' construction of the exemption for flexible work hour plans. Because the employees' work schedule is included as part of a collective bargaining agreement, subsection (d)(13) exempts it from AWHA's overtime requirements. Because we dispose of the employees' appeal on the ground that their work schedule is exempt from AWHA's overtime requirements, we need not address their argument that AWHA's overtime provision is not preempted by the federal Railway Labor Act.

## IV. CONCLUSION

In light of the unambiguous language and the legislative history of AS 23.10.060(d)(13), we hold that the employees' work schedule is exempt from AWHA's overtime requirements. Therefore, the order of the superior court granting summary judgment in favor of Alaska Airlines is AFFIRMED.

---

at the rate of one and one-half times the regular rate of pay shall be paid for the overtime. Committee Substitute for H.B. 746, 11th Leg., 2nd Sess. (1980).

6. Such an understanding would require section C of the bill to be construed as modifying section A.

7. No legislative history exists from the Senate Labor and Management Committee for 1980.