NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us.*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

RALPH G. HESS,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12705
Trial Court No. 2KB-06-00670 CR

O P I N I O N

No. 2663 — December 20, 2019

Appeal from the Superior Court, Second Judicial District, Kotzebue, Angela Greene, Judge.

Appearances: Megan R. Webb, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Timothy W. Terrell, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, Harbison, Judge, and Mannheimer, Senior Judge.[*]

Judge HARBISON.

---

[*]   Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

In 2006, Ralph G. Hess was charged with three counts of first-degree sexual assault and two counts of first-degree burglary after he broke into a residence and sexually assaulted the woman who lived there. These charges were resolved in the middle of Hess's trial, when Hess entered into a plea bargain with the State. Under the terms of this agreement, Hess pleaded guilty to a single count of first-degree burglary under AS 11.46.300(a)(1) (unlawful entry of a residence with intent to commit a crime), and the remaining charges were dismissed.

A few months later, Hess filed an application for post-conviction relief in which he alleged that his defense attorney had misinformed him regarding the terms of the plea bargain. After holding a hearing to investigate these claims, the superior court found that Hess had received accurate information about the terms of the plea bargain, and that his contrary testimony was "simply not credible." The superior court therefore denied Hess's application for post-conviction relief, and this Court affirmed the superior court's decision.[1]

More than two years after this Court affirmed the superior court's ruling, Hess filed an application under AS 12.73.020, seeking DNA testing of certain evidence in his case. This statute directs a court to order post-conviction DNA testing if the defendant's case satisfies eleven factual and procedural requirements. The first of these statutory requirements is that the defendant was convicted of a felony defined in AS 11.41.[2]

Hess was convicted of burglary, a felony defined in AS 11.46 rather than AS 11.41. Because of this, the superior court denied Hess's application for DNA testing.

---

[1] *See Hess v. State*, 2013 WL 6576725 (Alaska App. Dec. 11, 2013) (unpublished).

[2] AS 12.73.020(1).

Hess now appeals the superior court's decision. He argues that even though, on its face, the DNA testing statute applies only to cases where the defendant was convicted of a felony defined in AS 11.41, the statute should be construed as also including cases like his — cases where (1) the defendant was originally *charged* with a felony defined in AS 11.41 (for example, sexual assault), and (2) the defendant was ultimately convicted of burglary under the theory that the defendant's target crime was a felony defined in AS 11.41.

Alaska does not follow the "plain meaning" rule of statutory construction.[3] Even if the language of a statute is apparently clear and unambiguous, Alaska law employs a "sliding scale" analysis that allows a court to consider the legislature's intent when interpreting the statute, even when the literal wording of the statute conflicts with that legislative intent.[4] Nevertheless, "the plainer the language of the statute, the more convincing [any] contrary legislative history must be" before a court can depart from the plain meaning of the statutory language.[5]

Here, the pertinent language of AS 12.73.020 is plain and unambiguous: subsection (1) of this statute declares that the statute applies only if the defendant was convicted of a felony defined in AS 11.41. As a result, in order for Hess to prevail in this appeal, we must be persuaded that the legislative history of AS 12.73.020 convincingly shows that the legislature actually intended to require DNA testing even when a defendant was convicted of some other type of crime.

---

[3] *Ward v. State, Dept. Of Public Safety*, 288 P.3d 94, 98 (Alaska 2012) (citing *City of Kenai v. Friends of Recreation Center, Inc.*, 129 P.3d 452, 458-59 (Alaska 2006)).

[4] *See, e.g.*, *State v. Fyfe*, 370 P.3d 1092, 1094-95 (Alaska 2016); *Anchorage v. Beezley*, 435 P.3d 978, 981 (Alaska App. 2018).

[5] *Alaskans for Efficient Gov't, Inc. v. Knowles*, 91 P.3d 273, 275 (Alaska 2004) (quoting *Ganz v. Alaska Airlines, Inc.*, 963 P.2d 1015, 1019 (Alaska 1998)).

The legislative history of AS 12.73.020 does not demonstrate any legislative purpose different from what the plain language of the statute conveys. Indeed, the legislative history of AS 12.73.020 affirmatively shows that the legislature purposely chose to limit the scope of this statute to defendants who were convicted of a felony defined in AS 11.41.[6]

Hess was not convicted of a felony defined in AS 11.41. Rather, he was convicted of burglary, a felony defined in AS 11.46. Accordingly, the superior court correctly ruled that Hess did not meet the statutory requirements for court-ordered post-conviction DNA testing under AS 12.73.020.

The judgment of the superior court is AFFIRMED.

---

[6] *See, e.g.*, Minutes of the House Finance Committee, House Bill 316, testimony of Deputy Attorney General Richard Svobodny (Feb. 8, 2010); Minutes of the House Judiciary Committee, House Bill 316, testimony of Assistant Attorney General Anne Carpeneti (Feb. 10, 2010 and Feb. 15, 2010).