Lisa ORR–HICKEY, Appellant,

v.

**STATE of Alaska, Appellee.**

**No. A–6572.**

Court of Appeals of Alaska.

Feb. 5, 1999.

Randall W. Patterson, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

Lisa Orr–Hickey was convicted of hunting sheep in a closed area and possessing illegally-taken game (the sheep).[1] She asserts that her jury received flawed instructions concerning the culpable mental state required for these crimes.

1. AS 16.05.920(a); 5 AAC 92.530(4)(B) and 5 AAC 92.140(a).

2. 626 P.2d 104, 110 (Alaska 1981).

In *State v. Rice*,[2] the Alaska Supreme Court held that civil negligence is the culpable mental state that governs hunting offenses. That is, the government must prove that the hunter either "kn[e]w or reasonably should [have] know[n]" the circumstances that made the hunter's conduct illegal.[3] Orr–Hickey's jury was instructed in conformity with *Rice*.

With respect to the charge of hunting in a closed area, District Court Judge John R. Lohff instructed the jury that the state was obliged to prove that Orr–Hickey either "knew or reasonably should have known" that the area was closed to hunting. Likewise, with respect to the charge of possessing an illegally-taken sheep, Judge Lohff instructed the jury that the state was obliged to prove that Orr–Hickey "knew or reasonably should have known" that the sheep was taken in violation of Alaska's hunting laws.

Orr–Hickey argues that, even though the supreme court adopted negligence as the applicable culpable mental state for hunting offenses, the holding in *Rice* has been superseded by AS 11.81.610(b)(2). This statute declares that, with a few specified exceptions, the government must prove that a defendant acted "recklessly" with respect to the circumstances that made the defendant's conduct criminal. As defined in AS 11.81.900(a)(3)–(4), recklessness is distinguished from negligence in that recklessness requires proof that the defendant was subjectively aware of a substantial and unjustifiable risk that the circumstance existed. Thus, Orr–Hickey concludes, it was not sufficient for the state to prove that she "should have known" she was hunting in a closed area. Rather, she asserts, the state was obliged to prove that she was subjectively aware of a substantial and unjustifiable risk that the area was closed to hunting.

Orr–Hickey's argument is at odds with this court's decision in *Reynolds v. State*.[4] In *Reynolds*, this court held that AS 11.81.610(b) applies only to the interpretation

3. *Id.*

4. 655 P.2d 1313 (Alaska App.1982).

**614**

of offenses defined in Title 11.[5] Orr–Hickey was convicted of violating administrative regulations promulgated under Title 16.

Orr–Hickey urges us to disavow *Reynolds* and to now hold that the rules of statutory interpretation contained in AS 11.81.610(b) govern all criminal offenses defined in any title of the Alaska Statutes. She points out that in *Knutson v. State,*[6] this court held that the definition of accomplice liability contained in AS 11.16.100–110 applies to Title 16 offenses. Orr–Hickey asks us to hold that AS 11.81.610(b) likewise applies to Title 16 offenses. We decline to do so for two reasons.

First, as the supreme court noted in *Rice,*[7] there is historical support for the doctrine that fish and game offenses should be considered "general police regulations"—and that, therefore, less stringent culpable mental states should apply to these offenses. Second, and more important, if we were to hold that AS 11.81.610(b) governed the interpretation of offenses defined in Title 16, this would yield a result inconsistent with *Rice.*

As explained above, AS 11.81.610(b) declares that recklessness is the default culpable mental state that applies to circumstances—the culpable mental state that must be proved if the particular statute or regulation does not specify some other culpable mental state. But the supreme court in *Rice* held that negligence is the default culpable mental state for fish and game offenses.

We can not "overrule" *Rice* by adopting Orr–Hickey's statutory interpretation argument unless there is some reason to believe that the legislature intended AS 11.81.610(b) to supersede the decision in *Rice.* There is no support for such an argument. *Rice* was decided in April of 1981—three years after AS 11.81.610(b) was enacted, and a year and a half after it went into effect.[8]

■ We therefore conclude that, for fish and game offenses defined in Title 16 and in the regulations promulgated under that title,

the holding in *Rice* remains the controlling law. Civil negligence is the culpable mental state applicable to Orr–Hickey's offenses, and Judge Lohff correctly instructed the jurors on that culpable mental state.

■ Orr–Hickey raises one additional issue, this one relating to her sentencing. At the sentencing hearing, Orr–Hickey's attorney argued that she should receive a suspended imposition of sentence (SIS). As the defense attorney acknowledged, the legal hurdle to such a disposition is AS 12.55.085(f)(2), which provides that a sentencing court

> may not suspend the imposition of sentence of a person who ... uses a firearm in the commission of the offense[.]

The defense attorney nevertheless argued that AS 12.55.085(f)(2) should be construed as applying only to criminal offenses defined within AS 11.41, the portion of Title 11 entitled "Offenses Against the Person." Judge Lohff rejected this argument and ruled that the statute precluded him from giving Orr–Hickey an SIS.

On appeal, Orr–Hickey renews her argument that AS 12.55.085(f)(2) should be interpreted as applying only to crimes against people, not all crimes. However, the language of the statute suggests no such limitation. Orr–Hickey concedes the "apparent clarity" of the statute, but she nevertheless argues that the legislature must have intended to limit application of the statute to crimes against people.

"[When] a statute's meaning appears clear and unambiguous[,] the party asserting a different meaning has a correspondingly heavy burden of demonstrating contrary legislative intent."[9] The plainer the language of the statute, the more convincing the evidence of contrary legislative intent must be in order to justify adopting that different meaning.[10]

5. *See* at 1316 n. 4.

6. 736 P.2d 775, 779–80 (Alaska App.1987).

7. 626 P.2d at 108.

8. *See* ch. 166, §§ 10 & 25, SLA 1978.

9. *Lagos v. Sitka,* 823 P.2d 641, 643 (Alaska 1991).

10. *See State v. Alex,* 646 P.2d 203, 208 n. 4 (Alaska 1982); *State, Dep't of Natural Resources v. City of Haines,* 627 P.2d 1047, 1049 (Alaska 1981).

Orr–Hickey acknowledges that AS 12.55.085(f)(2) was passed with little or no debate and that there is no pertinent legislative history to aid in interpreting the statute. But she argues that the legislature's intention can be gleaned from the other two subsections of AS 12.55.085(f)—subsections (1) and (3). Orr–Hickey argues that both of these other subsections are limited to crimes defined in AS 11.41 (the chapter entitled "crimes against the person")—and so, by implication, subsection (2) must be similarly limited.

Orr–Hickey is wrong. The other two subsections of AS 12.55.085(f) are not limited to the offenses contained in AS 11.41.[11] Subsection (1) declares that a sentencing court may not give an SIS to a defendant convicted of various crimes. Among the listed criminal statutes is AS 11.46.400—first-degree arson. Subsection (3) declares that a sentencing court may not give an SIS to a defendant convicted of any felony if the defendant has a prior conviction for any felony (or for misdemeanor assault).

 In short, AS 12.55.085(f)(2) declares that a suspended imposition of sentence may not be given to a defendant who used a firearm in the commission of the offense. Because there is no ambiguity in the statutory wording, this court's duty is to enforce the statute as it is written unless there is some very good reason to believe that the legislature intended something different. Orr–Hickey has failed to demonstrate that AS 12.55.085(f)(2) was intended to mean anything other than what it says. One might conceive of policy reasons why the legislature would not want the general rule codified AS 12.55.085(f)(2) to apply to hunting offenses, but that is for the legislature to decide.

The judgment of the district court is AFFIRMED.

---

11. AS 12.55.085(f) provides that

(f) The court may not suspend the imposition of sentence of a person who

(1) is convicted of a violation of AS 11.41.100—11.41.220, 11.41.260—11.41.320, 11.41.410—11.41.530, or AS 11.46.400;

(2) uses a firearm in the commission of the offense for which the person is convicted; or

(3) is convicted of a violation of AS 11.41.230—11.41.250 or a felony[,] and the person has one or more prior convictions for a misdemeanor violation of AS 11.41 or for a felony or for a violation of a law in this or another jurisdiction having substantially similar elements to an offense defined as a misdemeanor in AS 11.41 or as a felony in this state....