**Douglas Bryan LAMKIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10741.**

Court of Appeals of Alaska.

Dec. 17, 2010.

Kevin T. Fitzgerald, Ingaldson, Maassen & Fitzgerald, P.C., Anchorage, for the Appellant.

Robert E. Henderson, Assistant District Attorney, Adrienne P. Bachman, District Attorney, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

**OPINION**

COATS, Chief Judge.

Douglas Bryan Lamkin pled guilty to one count of assault in the third degree (a class C felony)[1] and driving under the influence.[2] At sentencing, Lamkin asked the court to suspend the imposition of his sentence. The

---

**30.** *See Jones,* 759 P.2d at 569; *Gaona v. State,* 630 P.2d 534, 538 (Alaska App.1981).

**1.** AS 11.41.220(a)(1)(B); AS 11.41.220(e).

**2.** AS 28.35.030(a)(2).

State opposed, arguing that the court was prohibited by statute from suspending the imposition of sentence for a felony assault. Superior Court Judge Michael Spaan concluded that Lamkin, a first-time offender, would have been a suitable candidate for a suspended imposition of sentence, but he concluded that he was prohibited from suspending the imposition of Lamkin's sentence by AS 12.55.085(f). Lamkin appeals. We agree with the superior court's interpretation of the statute. We therefore affirm.

*Discussion*

█ The resolution of this issue requires us to interpret two statutes. The first statute, AS 12.55.125(e)(1), sets out the penalties for first felony offenders convicted of class C felonies. The statute provides a presumptive range of sentences (in most cases, zero to two years of imprisonment). It also provides that "a defendant sentenced under this paragraph may, if the court finds it appropriate, be granted a suspended imposition of sentence under AS 12.55.085...."

The second statute in question is AS 12.55.085. The first part of the statute states that "[e]xcept as provided in (f) of this section, if it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence...."

AS 12.55.085(f) sets out restrictions on a court's ability to suspend the imposition of sentence:

The court may not suspend the imposition of sentence of a person who

(1) is convicted of [certain crimes against the person, including Lamkin's offense, assault in the third degree];

(2) uses a firearm in the commission of the offense for which the person is convicted; or

(3) [is convicted of assault in the fourth degree or reckless endangerment and has been previously convicted of an assaultive crime].

Lamkin argues that there is "an apparent conflict" between AS 12.55.125(e)(1) and AS 12.55.085. And he offers a way to reconcile this purported conflict. According to Lamkin, AS 12.55.125(e)(1), standing alone, authorizes the court to suspend the imposition of sentence of a person convicted of any class C felony, including assault in the third degree. Lamkin would interpret AS 12.55.085(f) as precluding a court from suspending the imposition of sentence only if Lamkin had been convicted of assault in the third degree *and* had used a firearm in the commission of the offense or was a repeat assaultive offender.

█ We reject this proposed interpretation of the statutes. One general rule of statutory construction is that "where one statute deals with a subject in general terms and another deals with a part of the same subject in more detail, the two should be harmonized if possible, but if there is any conflict, the more specific statute will prevail."[3] Moreover, AS 12.55.125(e)(1) expressly refers to AS 12.55.085 as the statute defining a court's authority to grant a suspended imposition of sentence, and the limitations on a court's authority to suspend the imposition of sentence are set out in AS 12.55.085(f).

Alaska Statute 12.55.085(f) lists three conditions under which the trial court may not suspend sentence. Because the statute uses the word "or" to separate the conditions, the presumptive construction of the statute is that if any one of the conditions is satisfied, then the sentence may not be suspended.[4] We have previously interpreted former versions of AS 12.55.085(f) consistently with this principle and held that if the offense for which the defendant was convicted fell within either (1) or (2) or (3), the court was without authority to suspend the imposition of sentence.[5] One of the limitations set forth in AS

---

3. *Waiste v. State,* 808 P.2d 286, 289 (Alaska App. 1991).

4. *See MacDonald v. State,* 83 P.3d 549, 550 (Alaska App.2004) (reading the word "or" in the disjunctive).

5. *Orr–Hickey v. State,* 973 P.2d 612, 615 (Alaska App.1999); *Mack v. State,* 900 P.2d 1202, 1204 (Alaska App.1995).

12.55.085(f) is that the court is not authorized to suspend the imposition of sentence for offenders, such as Lamkin, who are convicted of a felony assault, including assault in the third degree.

Thus, Lamkin's interpretation of AS 12.55.085 conflicts with the normal rules of statutory construction and prior decisions of this court interpreting the statute. His argument rests on the questionable assumption that when it enacted AS 12.55.125(e)(1), the legislature was either unaware of AS 12.55.085 or intended to modify that statute. The legislative history does not support this assumption.

The legislature modified AS 12.55.085(f) to limit the discretion of courts to suspend the imposition of sentence for assaultive crimes three times from 1990 through 1996.[6] In 1996, the legislature enacted the version of subsection (f) that was in place at the time of Lamkin's offense. The legislative history shows that the legislature initially considered prohibiting a court from suspending the imposition of sentence for "a crime against a person or arson in the first degree."[7] Ultimately, the legislature passed legislation which permitted a trial court to grant a suspended imposition of sentence for a person convicted of misdemeanor assault but which precluded suspending the imposition of sentence for anyone convicted of felony assault.[8] Assault in the third degree, the offense for which Lamkin was convicted, is a class C felony. It therefore appears clear, from both the legislative history and the plain language of AS 12.55.085(f), that the legislature intended to prohibit a court from suspending the imposition of sentence of a person convicted of assault in the third degree.

We now turn to the legislative history of the 2005 amendment of AS 12.55.125(e)(1). In response to the United States Supreme Court decision in *Blakely v. Washington*, the legislature modified the sentencing provisions of the Alaska Criminal Code to modify the sentencing structure from presumptive terms to presumptive ranges.[9] According to the Minutes of the House Judiciary Committee, the amendment to AS 12.55.125(e)(1) was intended "to maintain the court's ability to impose a Suspended Imposition of Sentence (SIS) for a first felony offender who commits an *eligible* C ... felony. The bill was not intended to make a change in current SIS practice; the amendments should restore the status quo [from previous drafts]." [10]

The legislative history of the two statutes, therefore, supports the conclusion that, in passing the 2005 amendment to AS 12.55.125(e)(1), the legislature was fully aware of the provisions of AS 12.55.085(f), which restricted a court's ability to suspend imposition of sentence, and that the legislature did not intend to modify those restrictions.

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

6. Ch. 196, § 1, SLA 1990; ch. 40, § 7, SLA 1993; ch. 55, § 1, SLA 1996.

7. S.B. 264, 19th Leg. (Feb. 7, 1996).

8. C.S.S.B. 264, 19th Leg., 2d Sess. (1996).

9. Ch. 2, § 1, SLA 2005; 2005 Senate Journal 102–103.

10. Minutes of the House Judiciary Committee, S.B. 56, 2:49:52 PM, (Jan. 31, 2005) (emphasis added); *see also* Minutes of the House Finance Committee, S.B. 56 1:43:03 PM (Feb. 16, 2005); versions SB0056B, SB0056C, SB0056D of S.B. 56.