Charles W. SMITH, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7806.

Court of Appeals of Alaska.

July 27, 2001.

**20.** 641 P.2d at 234.

Darrel J. Gardner, Assistant Public Advocate, and Brant G. McGee, Public Advocate, Anchorage, for Appellant.

Kevin L. Donley, Assistant District Attorney, and Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

1. AS 11.61.190(b).

2. *See* AS 11.81.900(b)(14) (defining "dangerous instrument" as including "any deadly weapon")

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

■ A person commits first-degree weapons misconduct under AS 11.61.190(a)(2) if the person "discharges a firearm from a propelled vehicle while the vehicle is being operated," and if this discharge is done "under circumstances manifesting a substantial and unjustifiable risk of physical injury to a person or damage to property." This offense is a class A felony.[1] Under AS 12.55.125(c), a first felony offender convicted of a class A felony is subject to either a 7–year or a 5–year presumptive term. Charles W. Smith pleaded no contest to one count of first-degree weapons misconduct and the superior court sentenced Smith to 10 years to serve with 3 years suspended after concluding that the 7–year presumptive term applied. The question presented in this appeal is whether a first felony offender convicted of this crime is subject to a 5–year or a 7–year presumptive term. For the reasons expressed below, we conclude that a first felony offender is subject to a 5–year presumptive term.

Under AS 12.55.125(c)(2)(A), a first felony offender convicted of any class A felony other than manslaughter is subject to a 7–year term if "the defendant possessed a firearm [or] used a dangerous instrument." As explained in the previous paragraph, the offense of first-degree weapons misconduct under AS 11.61.190(a)(2) requires proof that a defendant discharged a firearm. A person who discharges a firearm necessarily both "possesse[s] a firearm" and "use[s] a dangerous instrument," because the term "dangerous instrument" includes all firearms.[2] Thus it would appear that a defendant convicted of this crime should face a 7–year presumptive term. But this conclusion would lead to unintended results.

The crime of first-degree weapons misconduct under section 190(a)(2) requires proof that the defendant discharged a firearm "under circumstances manifesting a substantial

and AS 11.81.900(b)(16) (defining "deadly weapon" as including "any firearm").

and unjustifiable risk of physical injury to a person." This language—"a substantial and unjustifiable risk of physical injury"—tracks the statutory definition of two culpable mental states: "recklessly" and "criminal negligence." As defined in AS 11.81.900(a)(3), a person acts "recklessly" with respect to a result (*e.g.*, infliction of physical injury) when the person "is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur." Similarly, as defined in AS 11.81.900(a)(4), a person acts with "criminal negligence" with respect to a result when the person "fails to perceive a substantial and unjustifiable risk that the result will occur." For purposes of both culpable mental states, a risk is "substantial and unjustifiable" when the defendant's disregard of it or failure to perceive it constitutes a gross deviation from the standard of conduct or care that a reasonable person would observe in the situation.[3]

It is not clear whether the legislature intended in enacting the first-degree weapons misconduct statute to require proof of recklessness or criminal negligence when it required proof that the defendant discharged a firearm under circumstances "manifesting a substantial and unjustifiable risk of physical injury." But in either case, the statute does not require proof of actual injury, but only that the defendant's conduct created a substantial and unjustifiable *risk* of injury.

Here is where application of the 7–year presumptive term potentially leads to incongruous results. Assume that first-degree weapons misconduct under section 190(a)(2) requires proof that the defendant recklessly disregarded the possibility that the discharge of a firearm from an operated vehicle might result in physical injury to another person. Under this construction of the statute, a defendant who discharged a firearm from a moving vehicle and thereby recklessly endangered the physical safety of another person would be subject to a 7–year presumptive term. But the same defendant would be subject to a 5–year presumptive term if, by misfortune, the defendant killed someone and

was convicted of manslaughter. (Under AS 12.55.125(c), the 7–year presumptive term does not apply to manslaughter, which carries a 5–year presumptive term.) Or, to take a more striking example, if the defendant's discharge of the firearm endangered two people, one of whom escaped injury and one of whom was shot dead, the defendant would face a 7–year presumptive term for endangering the surviving victim but only a 5–year presumptive term for killing the deceased victim.

Alternatively, if first-degree weapons misconduct requires proof of negligent endangerment rather than reckless endangerment, the incongruity is even plainer. A defendant would face a 7–year presumptive term for discharging a firearm and negligently endangering another person, but only a 5–year presumptive term if the person were killed by discharge of the firearm and the State could prove that the defendant acted "recklessly" (a higher culpable mental state) by consciously disregarding this risk of death.

The State attempts to avoid this result by arguing that first-degree weapons misconduct is *more* culpable than manslaughter. The State notes that first-degree weapons misconduct requires proof that the defendant acted "knowingly" with respect to the act of discharging the firearm from an operated vehicle.[4] The State then argues that the culpable mental state of "knowingly" is more blameworthy that the culpable mental state of "recklessly" required for manslaughter.

But the State's argument confuses two different elements of criminal behavior: conduct and results. The State's argument also mistakenly assumes that only one culpable mental state can apply to an offense.

 When an offense requires proof that a defendant engaged in a particular kind of conduct, the State invariably will have to prove that the defendant acted "knowingly" with respect to that conduct because "knowingly" is the only culpable mental state that applies to conduct.[5] But many offenses are

---

**3.** *See* AS 11.81.900(a)(3), (4).

**4.** *See* AS 11.61.190(a)(2); AS 11.81.610(b)(1).

**5.** *See Neitzel v. State*, 655 P.2d 325, 333 (Alaska App.1982).

defined in terms of a result either in conjunction with specified conduct, or without specifying any particular conduct. For instance, manslaughter does not require proof of any particular type of conduct, but it does require proof that the defendant acted intentionally, knowingly or recklessly with respect to the possibility that the defendant's conduct might cause another person's death.[6]

■ First-degree weapons misconduct under section 190(a)(2) is an example of an offense that requires proof of both specified conduct and a specified result; thus, the State is required to prove two different culpable mental states. The offense requires proof of a particular type of conduct: knowing discharge of a firearm from an operated vehicle. This conduct, by itself, constitutes the class C felony offense of third-degree weapons misconduct under AS 11.61.200(a)(11). But first-degree weapons misconduct also requires proof that the defendant's conduct created a specified result: the risk of physical injury to a person or damage to property.[7]

■ The culpable mental state of "knowingly" never applies to results. Rather, under Alaska's criminal code, the three culpable mental states that can apply to results are "intentionally," "recklessly" and "criminal negligence."[8] As we explained above, first-degree weapons misconduct requires proof that the defendant acted recklessly, or at least negligently, with respect to the possibility that discharge of a firearm might endanger someone.

It is here that the overlap with manslaughter occurs. And this overlap leads to the problematic result of defendants seemingly facing a greater penalty for endangering people than for killing them.

In *Pruett v. State*,[9] we noted this same incongruity in applying a 7–year presumptive term to first felony offenders convicted of first-degree assault under AS 11.41.200(a)(1) for "recklessly caus[ing] serious physical injury to another by means of a dangerous instrument."[10] We concluded that "the legislature could not have intended the seven-year presumptive term to apply to those who recklessly commit assault in the first degree, but only a five-year presumptive term to those who [recklessly] kill their victim."[11]

We reach the same conclusion with respect to first-degree weapons misconduct. The legislature could not have intended to impose a 7–year presumptive term when a drive-by shooting endangers a person but a lesser 5–year presumptive term if the shooting results in death. Therefore, we hold that a 5–year presumptive term applies to first felony offenders convicted of first-degree weapons misconduct under AS 11.61.190(a)(2).

Because, in this case, the superior court sentenced the defendant under the belief that a 7–year presumptive term applied, we VACATE the defendant's sentence and direct the superior court to resentence the defendant using a presumptive term of 5 years as the starting point of the sentencing analysis.

---

6. *See* AS 11.41.120.

7. *See* AS 11.61.190(a)(2).

8. *See Neitzel*, 655 P.2d at 329–30.

9. 742 P.2d 257 (Alaska App.1987), *overruled on other grounds by State v. Wentz*, 805 P.2d 962 (Alaska 1991).

10. *See id.* at 262–63.

11. *Id.* at 263.