NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STATE OF ALASKA,

                    Petitioner,

            v.

TISHA DEE WATTS,

                 Respondent.

Court of Appeals No. A-12572
Trial Court No. 3VA-15-104 CR

O P I N I O N

No. 2591 — March 9, 2018

Petition for Review from the Superior Court, Third Judicial District, Valdez, Daniel Schally, Judge.

Appearances: Eric A. Ringsmuth, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and James E. Cantor, Acting Attorney General, Juneau, for the Petitioner. Douglas O. Moody, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Respondent.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Under AS 11.41.220(a)(1)(A), it is a felony for a person to recklessly place another person in fear of imminent serious physical injury by means of a dangerous instrument.

In the present case, the superior court has ruled that this statute is unconstitutional unless the phrase "places another person in fear" is confined to situations where the defendant is (1) subjectively aware of the victim and (2) purposely directs their conduct at the victim.

Under the superior court's ruling, a drunk driver cannot be prosecuted for third-degree assault if the driver obliviously forces a pedestrian off the road — or, as suggested by the evidence in Watts's case, if a drunk driver nearly collides with a pedestrian but, at the last moment, the driver sees the pedestrian, recognizes the peril, and takes evasive action.

For the reasons explained in this opinion, we reverse the superior court's ruling. The third-degree assault statute does, indeed, cover these situations — and, to the extent that it does cover these situations, the statute is constitutional.

*Underlying facts*

One afternoon in early August 2015, Clayton Scott was walking and jogging down a winding, narrow dirt road outside of Valdez. Scott was pushing his infant son in a stroller, and he had his two dogs with him.

At the same time (according to later testimony), Tisha Dee Watts began driving down this same road at a high rate of speed. Watts had been drinking and taking drugs with a friend; her blood alcohol level was measured at .216 percent.

Scott saw Watts's vehicle when it came around a curve approximately 100 yards behind him. Even though Scott and his infant child were in plain view, Watts did

not slow her car. She continued to drive at high speed toward Scott and his son, without braking.

Scott attempted to flee into the alders at the side of the road, but the trees were too thick for him to pass, and Watts's vehicle was so close to the side of the road that her passenger door was brushing against the alders.

At the last moment, Watts swerved her vehicle to avoid hitting Scott and his son. Scott testified that he could not tell whether Watts swerved because she finally noticed him at the last moment or whether, instead, Watts knew all along that Scott and his son were in the roadway, and she was "messing with us".

After this incident, Scott continued walking down the road. At the bottom of the road, he found Watts's car: it had collided with a bridge. Watts was injured, and she appeared to be intoxicated. Scott called 911, and he remained with Watts until the emergency responders arrived.

Based on this incident, Watts was charged with two misdemeanors: driving under the influence and reckless endangerment. Watts was also indicted for a felony — third-degree assault under AS 11.41.220(a)(1)(A), for "recklessly plac[ing] [Clayton Scott] in fear of imminent serious physical injury by means of a dangerous instrument".

Watts's attorney moved to dismiss the third-degree assault charge, arguing that even if all of the State's evidence was true, Watts's actions did not constitute the crime of third-degree assault because Watts had not purposely directed her conduct at Scott.

Specifically, Watts noted that AS 11.41.220(a)(1)(A) requires the government to prove that the defendant "placed another person in fear". Watts argued that this phrase was unconstitutionally broad unless it was confined to situations where the defendant "was aware of the victim and directed [their] behavior at the victim".

– 3 –

2591

The superior court agreed with Watts that the third-degree assault statute was unconstitutional unless the phrase "places another person in fear" was construed to require proof that the defendant was aware of the victim and purposely directed their conduct at the victim. The superior court then concluded that the grand jury evidence was insufficient to support such a finding, so the court dismissed Watts's indictment.

We granted the State of Alaska's petition to review the superior court's ruling.

*Why we conclude that the phrase "places another person in fear of injury" does not require proof that the defendant engaged in purposeful assault*

The issue in this case arises from the special way that Alaska defines the crimes of third- and fourth-degree assault.

Since the days of the common law, the criminal law has punished both (1) the intentional, reckless, or criminally negligent infliction of unlawful injury, and (2) the *intentional* act of placing another person in apprehension ("fear") of imminent unlawful injury. [1]

Alaska's four assault statutes — AS 11.41.200 through AS 11.41.230 — encompass both of these categories of unlawful acts: acts that inflict injury, and acts that cause another person to apprehend imminent injury.

But with regard to this second category (acts that cause another person to apprehend imminent injury), our third- and fourth-degree assault statutes do not limit the crime to acts that are done with the *purpose* of causing another person to apprehend

---

[1] See, for example, the discussions of common-law assault found in Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* (3rd ed. 1982), pp. 159 *et seq.*, and in Wayne R. LaFave, *Substantive Criminal Law* (3rd ed. 2017), § 16.3(b), Vol. 2, pp. 772-76.

imminent injury. Instead, our third- and fourth-degree assault statutes expand this category to include situations where a defendant acts "recklessly" with regard to the possibility that their conduct will cause another person to apprehend imminent injury.

See AS 11.41.220(a)(1)(A) (recklessly causing another person to fear imminent serious physical injury by means of a dangerous instrument) and AS 11.-41.230(a)(3) (recklessly causing another person to fear imminent physical injury). By comparison, AS 11.41.250(a) makes it a misdemeanor for someone to recklessly create a substantial risk of serious physical injury to another person, even if that person remains unaware of the danger.

Only a handful of states have expanded the definition of "fear" assault in the way that Alaska has — i.e., expanded the crime so that it not only includes situations where a defendant acts for the *purpose* of causing another person to fear imminent injury, but also situations where a defendant acts in disregard of a substantial and unjustifiable risk that their conduct will cause the other person to fear imminent injury. [2] (See the definition of "recklessly" codified in AS 11.81.900(a)(3).)

---

[2] In the superior court, Watts's attorney filed a chart summarizing other states' laws regarding the crimes of "assault" or "threatening". According to this chart, five states — Georgia, New Mexico, North Carolina, Rhode Island, and West Virginia — define the "fear" theory of assault as a general intent crime, requiring proof only that the defendant's conduct caused the victim to reasonably apprehend imminent injury, regardless of the defendant's specific purpose. *See* Georgia Code § 16-5-20; New Mexico Statutes § 30-3-1; *State v. Messick*, 363 S.E.2d 657, 661 (N.C. App. 1988); *Proffitt v. Ricci*, 463 A.2d 514, 517 (R.I. 1983); West Virginia Code § 61-2-9.

Hawai'i (like Alaska) imposes criminal liability for "threatening" if a defendant acts "in reckless disregard of the risk" that their conduct will cause another person to fear bodily injury. Hawai'i Revised Statutes § 707-715.

Aside from these six states (and Alaska), it appears that every other state requires proof that the defendant acted with the purpose of causing another person to fear imminent injury.

Nevertheless, the fact that seven states (including Alaska) have expanded the "fear" theory of assault to include acts of recklessness is, itself, an indication that we should be wary of declaring that all such statutes are unconstitutional.

But more importantly, we have no hesitation in holding that AS 11.41.-220(a)(1)(A) is constitutional under the facts of Watts's case.

Under Alaska law, there are (generally speaking) three culpable mental states that can apply when a criminal offense is defined in terms of causing a result. These three culpable mental states are "intentionally", "recklessly", and "with criminal negligence".

(*See Smith v. State*, 28 P.3d 323, 326 (Alaska App. 2001), and *Neitzel v. State*, 655 P.2d 325, 329-330 (Alaska App. 1982) — both of which summarize the provisions of AS 11.81.900(a).)

The offense with which Watts is charged, third-degree assault under AS 11.41.220(a)(1)(A), is defined in terms of causing a result: causing another person to apprehend imminent serious physical injury.

The law has long accepted the idea that a person can be punished for killing or injuring someone else even though the person did not intend this result — that is, if the person acted only recklessly or with criminal negligence with respect to the possibility that their conduct would cause death or injury. But the law is more complicated when a criminal statute defines an offense in terms of causing another person to experience mental distress of some kind — for example, apprehension of imminent injury, or feelings of annoyance, worry, or torment.

With regard to such statutes, proof that the defendant *intended* to cause another person to experience mental distress will often suffice to answer potential constitutional objections to the application of the statute. See, for example, this Court's handling of a constitutional challenge to the "harass or annoy" provision of the

– 6 –                                                    2591

disorderly conduct statute in *McKillop v. State*, 857 P.2d 358, 364-65 (Alaska App. 1993).

But when a statute only requires proof of the defendant's recklessness or criminal negligence with respect to the possibility that their conduct will cause mental distress to someone else, this can raise more significant constitutional questions.

Two of this Court's prior decisions — *Petersen v. State*, 930 P.2d 414 (Alaska App. 1996), and *Powell v. State*, 12 P.3d 1187 (Alaska App. 2000) — discuss the problems that are potentially raised when an assault statute only requires proof that the defendant acted recklessly with regard to the possibility that their conduct would cause another person to apprehend imminent serious physical injury. [3]

The first problem is that a defendant could conceivably be charged with assault merely for acting erratically or unconventionally, even when the defendant's actions are not creating any objective, immediate danger to the people who are experiencing the fear.

The second problem is that, even when a defendant's actions are creating an actual danger to other people, a defendant could conceivably be charged with assaulting a person who is placed in fear by the defendant's conduct but who is not within the "zone of danger" that defines the defendant's duty of care — *i.e.*, not among the group of people "who are foreseeably endangered by [the defendant's] conduct, with respect to [the] risks which make [that] conduct unreasonably dangerous." *Division of Corrections v. Neakok*, 721 P.2d 1121, 1126 (Alaska 1986).

But the facts of Watts's case do not present either of these problems. According to the State's evidence, Watts engaged in drunken, dangerous driving down

---

[3]  *See Petersen*, 930 P.2d at 429 (Judge Mannheimer, concurring), and *Powell*, 12 P.3d at 1192 (Judge Mannheimer, concurring).

a public road — *i.e.*, a place where one could reasonably anticipate the presence of other people. Watts's driving created a danger of serious physical injury to the other people she might encounter on the road. Clayton Scott (as a pedestrian walking along this road) was among the group of people who were foreseeably endangered by Watts's conduct.

We therefore hold that it is constitutional to prosecute Watts for third-degree assault under AS 11.41.220(a)(1)(A).

To successfully pursue this prosecution, the State would have to prove that Scott did, in fact, reasonably apprehend a threat of imminent serious physical injury to himself because of Watts's conduct. And the State would have to prove that Watts acted recklessly with respect to the possibility that her conduct would cause another person to apprehend a threat of imminent serious physical injury. The grand jury evidence in Watts's case was sufficient to establish these two elements of the offense.

*Conclusion*

The superior court's decision to dismiss Watts's indictment is REVERSED, and this case is remanded to the superior court for further proceedings on that indictment (as well as on the two other charges pending against Watts).