NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

MUNICIPALITY OF ANCHORAGE,

Petitioner,

v.

WAYNE EDWARD BEEZLEY,

Respondent.

Court of Appeals No. A-12850
Trial Court No. 3AN-16-2755 CR

O P I N I O N

No. 2614 — August 17, 2018

Petition for Review from the District Court, Third Judicial District, Anchorage, Douglas Kossler, Judge.

Appearances: Sarah E. Stanley, Assistant Municipal Prosecutor, and William D. Falsey, Municipal Attorney, Anchorage, for the Petitioner. No appearance for the Respondent. Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for *amicus curiae* Alaska Public Defender Agency.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge MANNHEIMER.

The defendant in this case, Wayne Edward Beezley, stands accused of the Anchorage municipal offense of reckless driving. [1]  Under the Anchorage Municipal Code, a person convicted of reckless driving may be imprisoned for up to 1 year. [2]  This 1-year maximum penalty was established at a time when the maximum penalty provided for class A misdemeanors under state law was also 1 year's imprisonment.  *See* the pre-2016 version of AS 12.55.135(a).

But in 2016, the Alaska legislature modified AS 12.55.135(a) so that not all class A misdemeanor offenders are subject to the 1-year maximum sentence. [3]  Under the current version of the statute, the 1-year maximum sentence applies only if one or more of the criteria listed in AS 12.55.135(a)(1) are met. [4]  If none of these criteria are

---

[1]   Anchorage Municipal Code (AMC) § 09.28.010.A.

[2]   AMC § 09.48.010.D.2.

[3]   *See* SLA 2016, chapter 36, § 91.

[4]   Under the current version of AS 12.55.135(a)(1), a sentence of up to 1 year's imprisonment can be imposed for a class A misdemeanor if:

(A) the conviction is for a crime with a mandatory minimum term of 30 days or more of active imprisonment;

(B) the trier of fact finds the aggravating factor that the conduct constituting the offense was among the most serious conduct included in the definition of the offense;

(C) the defendant has past criminal convictions for conduct violative of criminal laws ... similar in nature to the offense for which the defendant is being sentenced;

(D) the conviction is for an assault in the fourth degree under AS 11.41.230; or

(E) the conviction is for a violation of (i) AS 11.41.427, or (ii) AS 11.41.440, or (iii) AS 11.41.460, if the indecent exposure is before a person under 16 years of age, or (iv) AS 11.61.116(c)(2), or (v) AS 11.61.118(a)(2).

met, then the maximum sentence for a class A misdemeanor is 30 days' imprisonment. *See* AS 12.55.135(a)(2).

In essence, the legislature created a presumptive sentencing ceiling of 30 days' imprisonment for most class A misdemeanors — a ceiling that cannot be exceeded unless the State proves one of the factors listed in subsection (a)(1) of the statute.

Even though the municipal offense of reckless driving is not a "class A misdemeanor", the district court ruled that the presumptive 30-day sentencing ceiling codified in AS 12.55.135(a) governs Beezley's sentencing for reckless driving under municipal law. That is, the district court ruled that Beezley's sentence could not exceed 30 days' imprisonment unless the Municipality proved one of the factors set forth in AS 12.55.135(a)(1).

The Municipality has petitioned us to review and reverse the district court's ruling. When Beezley's court-appointed attorneys, the Denali Law Group, filed no response to the Municipality's petition, we invited the Alaska Public Defender Agency to enter this case as an *amicus curiae* to argue Beezley's position. And because the district court's rationale apparently applies to State prosecutions for reckless driving under AS 28.35.400, we invited the State of Alaska to file an *amicus curiae* brief as well — an invitation that the State declined.

For the reasons explained in this opinion, we agree with the district court that the presumptive 30-day sentencing ceiling established in AS 12.55.135(a) applies to a sentencing for reckless driving under Anchorage municipal law.

*A more detailed examination of the legal background of this case*

As we explained earlier, the legislature has amended AS 12.55.135(a) so that not all defendants convicted of a class A misdemeanor are subject to a 1-year maximum term of imprisonment. There is now a presumptive 30-day ceiling on sentencing for most class A misdemeanors unless the State proves one of the factors listed in subsection (a)(1) of the statute.

The problem in Beezley's case arises from the fact that AS 12.55.135(a) addresses only the penalties for misdemeanor offenses that are classified as "class A" misdemeanors, and there are many misdemeanors defined under state and municipal law that have no classification.

All of the misdemeanor offenses defined in our state's criminal code (Title 11 of the statutes) are explicitly designated as either class A or class B misdemeanors, so the application of AS 12.55.135(a) is clear with respect to these crimes: the statute applies to class A misdemeanors, and it does not apply to class B misdemeanors.

But there are other misdemeanor offenses defined in titles *other* than Title 11, and (as we are about to explain) many of these misdemeanors are neither class A nor class B. Instead, they are non-classified.

There is a provision of the criminal code, AS 11.81.250(c), which declares that a misdemeanor defined in a title of the statutes other than Title 11 is deemed a class A misdemeanor if the other title does not specify a penalty for that misdemeanor.

But AS 11.81.250(c) does not cover the many misdemeanors in other titles of the statutes which are not designated as class A or class B, but which *do* have a specified penalty. For instance, many misdemeanors defined in Title 28 of our statutes (motor vehicles) are not designated as class A or class B, but these misdemeanors have

a specified penalty — because Title 28 contains a general provision, AS 28.90.010, which establishes the penalty for all violations of Title 28 (unless a different penalty is specified in the criminal statute itself). The state offense of reckless driving, AS 28.35.400, falls within this non-classified category: it is not designated as either a class A or class B misdemeanor, but it has a specified penalty.

See also AS 16.05.430, AS 16.05.665, AS 16.05.723, AS 16.05.783, AS 16.05.831, and AS 16.05.905 — all of which specify penalties for misdemeanor fish and game offenses, without designating them as either class A or class B. These offenses, too, are all non-classified misdemeanors.

Similarly, Title 09 of the Anchorage Municipal Code contains numerous offenses which carry penalties of up to 1 year's imprisonment, but which are not designated as either class A or class B misdemeanors. These municipal misdemeanors are likewise non-classified.

The defendant in this case, Wayne Edward Beezley, is accused of one such municipal misdemeanor: the municipal offense of reckless driving. [5]

*The relationship between the penalty for the state offense of reckless driving and the penalty for the municipal offense of reckless driving*

In Alaska, home rule municipalities such as the Municipality of Anchorage are authorized to enact their own traffic laws. [6] The State of Alaska and the Municipality

---

[5]   AMC § 09.28.010.A.

[6]   *See* AS 29.04.010: "A home rule municipality is a municipal corporation and political subdivision. It is a city or a borough that has adopted a home rule charter, or it is a unified municipality. A home rule municipality has all legislative powers not prohibited by law or charter."

of Anchorage have each enacted provisions that prohibit reckless driving: AS 28.35.400 and AMC § 09.28.010.

However, AS 28.01.010(a) declares that "a municipality may not enact [a motor vehicle] ordinance that is inconsistent with the provisions of [Title 28 of the Alaska Statutes] or the regulations adopted under [that] title." And AS 29.25.070(g) declares that whenever a municipality proscribes conduct by ordinance, and there is a comparable state crime defined in Title 11 or Title 28 of the statutes, "the municipality may not impose a greater punishment than that imposed for a violation of the state crime."

Because of these statutes, a municipality may not enact penalty provisions for traffic offenses that exceed the penalties for the corresponding state traffic offenses (unless the Alaska legislature has otherwise expressly authorized the deviation).

In its brief to this Court, the Municipality of Anchorage assumes that the state offense of reckless driving and the municipal offense of reckless driving are equally governed — or equally not governed — by the presumptive 30-day sentencing ceiling codified in AS 12.55.135(a). Indeed, in many portions of its brief, the Municipality discusses the state reckless driving statute, AS 28.35.400, as if Beezley had been charged under that statute.

We take the Municipality's briefing of this issue as an acknowledgement that if the presumptive 30-day sentencing ceiling codified in AS 12.55.135(a) applies to the state offense of reckless driving, then the ceiling also applies to the municipal offense of reckless driving.

*Why we conclude that the presumptive sentencing ceiling established in AS 12.55.135(a) applies to the non-classified misdemeanor of reckless driving*

Even though the language of AS 12.55.135(a) speaks only of class A misdemeanors, Alaska does not adhere to the "plain meaning" rule of statutory construction. Rather, Alaska uses a "sliding scale" analysis that allows a court to consider the legislature's intent when interpreting a statute, even when the literal wording of the statute apparently conflicts with that intent. [7]

The 2016 amendment to AS 12.55.135(a) was only one part of a comprehensive revision of our criminal statutes: see SLA 2016, chapter 36, colloquially known as "Senate Bill 91". For this reason, the Public Defender Agency urges us to interpret AS 12.55.135(a) broadly, in light of the legislature's overarching motivations for enacting Senate Bill 91. According to the Public Defender Agency, it would be consistent with the broad purposes of Senate Bill 91 to interpret AS 12.55.135(a) as applying to *all* major misdemeanors — both class A misdemeanors and non-classified misdemeanors — even though the statute itself refers only to class A misdemeanors.

More specifically, the Public Defender Agency points out that Senate Bill 91 was the product of recommendations issued by the Alaska Criminal Justice Commission. [8] The Commission found, based on prison population data for the preceding decade, that "incarceration [was no] more effective at reducing recidivism than

---

[7] *See*, *e.g.*, *State v. Fyfe*, 370 P.3d 1092, 1094-95 (Alaska 2016).

[8] See the sponsor statement of Senator John Coghill for Senate Bill 91, version N (29th Legislature), February 10, 2016.

non-custodial sanctions" — that, indeed, for low-level offenders, sending them to prison seemingly *increased* the rate of recidivism. [9]

Based on these findings, the Commission issued several recommendations whose purpose was to try to ensure that Alaska's prison space was reserved mainly for violent and other serious offenders. [10] One way to accomplish this, the Commission noted, was to limit the use of imprisonment as punishment for low-level misdemeanor offenders. [11] And one of the Commission's specific proposals was to reduce the sentencing range for non-aggravated class A misdemeanors to no more than 30 days [12] — a proposal that was ultimately embodied in the current version of AS 12.55.135(a).

But in the discussions surrounding AS 12.55.135(a), the legislature did not address the non-classified misdemeanors codified in titles of the Alaska Statutes other than Title 11. The majority of the legislative discussion focused on identifying which class A misdemeanors defined in Title 11 would be exempted from the new 30-day sentencing ceiling. [13]

---

[9] *See* Alaska Criminal Justice Reinvestment Report (2015), pp. 8-9.

[10] *Id.*, p. 14.

[11] *Id.*, p. 18.

[12] *Id.*, pp. 18-19.

[13] *See* the statement of Daniel George (staff to Sen. Bill Stoltze) to the Senate State Affairs Committee on March 1, 2016 @ 8:53:30 - 8:54:00; the statement of Jordan Schilling (staff to Sen. John Coghill) to the House Judiciary Committee on April 11, 2016 @ 1:18:45 - 1:19:05; the statement of Sen. Coghill to the House Finance Committee on April 20, 2016 @ 8:41:50 - 8:42:11; and the statement of Jordan Schilling to the House Finance Committee on April 26, 2016 @ 5:36:29 - 5:36:55.

Even though this legislative history indicates that the legislature failed to expressly consider the non-classified misdemeanors codified in other titles of the Alaska statutes, the Public Defender Agency argues that the legislature's purpose in revising AS 12.55.135(a) is obvious: according to the Agency, the presumptive 30-day ceiling for most misdemeanor sentences was intended to reduce the number of people sent to jail for non-aggravated misdemeanors, to reduce the amount of time these offenders spent in jail, and to encourage sentencing judges to actively consider non-prison sentencing alternatives.

This may all be true, but it is no easy task to map AS 12.55.135(a)'s presumptive 30-day sentencing ceiling onto all the non-classified misdemeanors in the other titles of the Alaska statutes. Some of these non-classified misdemeanors have 1-year maximum penalties; some have 6-month maximum penalties; some have 90-day maximum penalties. And the great majority of these non-classified misdemeanors deal with areas of activity that have their own special policies and regulatory needs — for example, the motor vehicle offenses found in Title 28, the fish and game offenses found in Title 16, and the business and professions offenses found in Title 8.

But to resolve Beezley's case, the only issue we need to decide is whether the presumptive 30-day sentencing ceiling applies to the non-classified offense of reckless driving.

As defined in AS 28.35.400(a), a person commits the crime of reckless driving if they drive a motor vehicle "in a manner that creates a substantial and unjustifiable risk of harm to a person or to property". This statute does not require proof that anyone (or anything) was injured by the defendant's act of driving; the creation of the *risk* is sufficient.

In contrast, several class A misdemeanors require proof of actual injury to persons or damage to property. [14] It is questionable whether the legislature would impose a presumptive 30-day ceiling on the sentences for these class A misdemeanors while, at the same time, deciding to allow unrestricted sentencing of up to 1 year's imprisonment for an act of recklessness that does not result in injury or property damage.

In this same vein, we note that the class A misdemeanor offense of driving under the influence, AS 28.35.030(a), is normally viewed as a more serious offense than reckless driving. Even though both offenses carry a maximum sentence of 1 year's imprisonment, the offense of driving under the influence has a structured series of mandatory minimum sentences (depending on the offender's criminal history). And under Alaska law, the offense of reckless driving is often a lesser included offense of driving under the influence. [15]

Because misdemeanor driving under the influence is expressly designated as a class A misdemeanor, [16] it is subject to the presumptive 30-day sentencing ceiling codified in AS 12.55.135(a). Thus, if this 30-day ceiling did not also apply to reckless driving, this lesser offense would effectively carry a greater maximum penalty than misdemeanor driving under the influence. [17]

---

[14]  *See*, *e.g.*, AS 11.46.430(a) (second-degree criminally negligent burning); AS 11.46.484(a)(1) (fourth-degree criminal mischief); AS 11.51.100(a) (first-degree endangering the welfare of a child).

[15]  *See Bertilson v. State*, 64 P.3d 180, 183 (Alaska App. 2003); *Comeau v. State*, 758 P.2d 108, 114 (Alaska App. 1988).

[16]  *See* AS 28.35.030(b).

[17]  *See* Wayne R. LaFave, Jerold H. Israel, Nancy J. King, and Orin S. Kerr, *Criminal Procedure* (4th ed. 2015), § 24.8(e), Vol. 6, p. 648 & n. 99 (discussing the rule followed in some jurisdictions that a lesser included offense must carry no greater penalty than the

(continued...)

In analogous circumstances, where the literal wording of sentencing statutes would lead to illogical discrepancies between the sentence for a more serious crime and the sentence for a less serious one, this Court has interpreted the sentencing statutes in a manner that eliminates the sentencing incongruity. For example, in *Pruett v. State*, 742 P.2d 257 (Alaska App. 1987), this Court reconciled sentencing statutes which imposed a 5-year presumptive term of imprisonment for manslaughter but which imposed a greater punishment (a 7-year presumptive term) for the less serious crime of first-degree assault (*i.e.*, inflicting serious physical injury). We held that sentencing for first-degree assault had to be governed by the same 5-year presumptive term that applied to manslaughter. [18]

Likewise, in *Smith v. State*, 28 P.3d 323 (Alaska App. 2001), this Court reconciled sentencing statutes which imposed a 5-year presumptive term of imprisonment for manslaughter but which imposed a greater presumptive term (7 years) for the less serious offense of first-degree weapons misconduct — *i.e.*, discharging a firearm from a moving vehicle, even if the discharge did not injure anyone. Again, we held that the presumptive term of imprisonment for the less serious offense could not exceed 5 years. [19]

As in *Pruett* and *Smith*, we conclude that the legislature could not have intended to create the sentencing discrepancy that would exist if the 30-day presumptive sentencing ceiling applied to driving under the influence but did not apply to reckless driving.

---

[17] (...continued)
charged offense).

[18] *Pruett*, 742 P.2d at 262-63.

[19] *Smith*, 28 P.3d at 326.

We therefore conclude that the presumptive 30-day sentencing ceiling codified in AS 12.55.135(a) applies to sentencing for reckless driving — both under state law, AS 28.35.400(a), and under Anchorage municipal law, AMC § 09.28.010.A.

The decision of the district court is AFFIRMED.