NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific*</u> <u>*Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| MAE LU GOOD,<br><br>      Appellant,<br><br>    v.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>      Appellee. | Court of Appeals No. A-12904<br>Trial Court No. 3AN-16-08889 CR<br><br>O P I N I O N<br><br>No. 2655 — September 27, 2019 |

Appeal from the District Court, Third Judicial District, Anchorage, Douglas Kossler, Judge.

Appearances: Deborah Burlinski, Burlinski Law Office, LLC, Anchorage, for the Appellant. Sarah E. Stanley, Assistant Municipal Prosecutor, and Rebecca A. Windt Pearson, Municipal Attorney, Anchorage, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

Under AS 28.01.010(a), a municipality may not enact an ordinance that is inconsistent with the provisions of Title 28, the portion of the state code that sets out Alaska's motor vehicle laws. In 1983, the legislature enacted a carve-out to this provision, allowing municipalities to adopt an ordinance providing for the impoundment

or forfeiture of a motor vehicle when a defendant commits certain offenses, even if this impoundment or forfeiture is harsher than the penalty for a corresponding state offense.[1]

Then, in 2016, the legislature enacted a third provision of law relevant to this appeal — a provision under Title 29, which is the portion of the state code that governs municipalities.[2] Unlike AS 28.01.010(a), this new provision — AS 29-.25.070(g) — is not limited to motor vehicle laws. The new provision precludes a municipality from imposing a greater punishment for a violation of municipal law than the punishment imposed for a comparable state crime with similar elements.

The question we confront in this appeal is whether this new provision in Title 29 impliedly repealed the statutory carve-out in Title 28 that has historically permitted municipalities to impose harsher impoundments or forfeitures for certain delineated offenses. Because we conclude that the answer is no, we affirm the 30-day impoundment imposed in this case under the Anchorage Municipal Code.

*Underlying facts and arguments on appeal*

Mae Lu Good pleaded no contest to operating a motor vehicle under the influence under Anchorage Municipal Code (AMC) 09.28.020(A). The penalty provisions for this conviction are set out in AMC 09.28.020(C). Under subsection (C)(5), if the defendant has an interest in the vehicle used in the commission of the offense, but has no prior convictions for operating under the influence or refusal to submit to a breath test, the sentencing court is required to impound the vehicle for 30

---

[1] Former AS 28.35.038 (repealed by SLA 2002, ch. 60, § 55); AS 28.01.015(b) (enacted in the same session as the repeal of AS 28.35.038 by SLA 2002, ch. 60, § 6); *see McCormick v. Anchorage*, 999 P.2d 155, 167-68 (interpreting former AS 28.35.038).

[2] SLA 2016, ch. 36, § 113.

days.[3]  Because Good had an interest in the vehicle, but no prior qualifying convictions, the court ordered her vehicle impounded for 30 days.

Good's plea agreement allowed her to challenge the validity of the impoundment requirement.  She filed a motion to vacate the impoundment, arguing that the mandatory impoundment requirement was invalidated by AS 29.25.070(g), the new Title 29 provision, which prohibits municipalities from imposing a "greater punishment" for a municipal crime than that imposed for a comparable state crime.

The district court denied Good's motion.  Good now appeals the district court's decision.

On appeal, the parties agree that the municipal crime of operating under the influence is comparable to the state crime of operating under the influence, AS 28.35.030.  But the state statute does not contain an impoundment provision — that is, AS 28.35.030 does not require a judge to impound the defendant's vehicle for a first-time offense.  Although the state statute authorizes a judge to forfeit the vehicle used in the commission of the offense, forfeiture is not required.[4]

Good argues that because state law does not require vehicle impoundment for a first-time operating under the influence conviction, the mandatory vehicle impoundment provision of AMC 09.28.020(C)(5) is a "greater punishment" and is therefore invalidated by AS 29.25.070(g).

In response, the Municipality argues that the carve-out in Title 28 for municipal impoundments and forfeitures, AS 28.01.015, survived the enactment of AS 29.25.070(g).  The Municipality contends that because AS 28.01.015 specifically

---

[3]  *See* AMC 09.28.020(C)(5)(a); *see also* AMC 09.28.020(E)(5) (defining "previously convicted").  If the defendant has been previously convicted, the court is required to forfeit the defendant's interest in the vehicle.  *See* AMC 09.28.020(C)(5)(b).

[4]  AS 28.35.030(b)(3).

authorizes municipalities to adopt impoundment or forfeiture ordinances that are more stringent than applicable provisions under state law, the impoundment in this case was proper.

*The statutory framework relevant to this appeal*

Alaska Statute 28.01.010(a) prohibits municipalities from enacting ordinances that are inconsistent with the provisions of Title 28. But AS 28.01.015 exempts impoundment and forfeitures from this uniformity requirement. It provides:

> (a) Notwithstanding other provisions in this title, a municipality may adopt an ordinance providing for the impoundment or forfeiture of a
>
> > (1) motor vehicle, watercraft, or aircraft involved in the commission of an offense under AS 28.35.030, 28.35.032, or an ordinance with elements substantially similar to AS 28.35.030 or 28.35.032 . . .
>
> (b) An ordinance adopted under (a) of this section may
>
> > . . . .
>
> > (2) be more stringent than or the same as but may not be less stringent than applicable provisions under this title or regulations adopted under this title.

Good does not dispute that, prior to the enactment of AS 29.25.070(g) in 2016, the mandatory impoundment and forfeiture provision set out in AMC 09.28.020(C)(5) was clearly authorized by the carve-out provision of

AS 28.01.015 that we have just quoted.[5]   But she argues that the enactment of AS 29.25.070(g) invalidated the carve-out.

At the time of Good's sentencing, AS 29.25.070(g) provided:

> If a municipality prescribes a penalty for a violation of a municipal ordinance, including a violation under (a) of this section, and there is a comparable state offense under AS 11 or AS 28 with elements that are similar to the municipal ordinance, the municipality may not impose a greater punishment than that imposed for a violation of the state law. This subsection applies to home rule and general law municipalities.[6]

By allowing municipalities to adopt ordinances imposing impoundments or forfeitures that are "more stringent than" state impoundments and forfeitures, AS 28.01.015 is arguably at odds with AS 29.25.070(g).  Accordingly, we must determine whether the enactment of AS 29.25.070(g) constituted an implied repeal of AS 28.01.015.

Because this appeal presents solely a legal question regarding the interpretation of controlling statutes, we review the trial court's decision *de novo*.[7]

---

[5]   *See McCormick v. Anchorage*, 999 P.2d 155, 167-68 (Alaska App. 2000) (interpreting AS 28.35.038, which was repealed and replaced without relevant changes by AS 28.01.015, to authorize municipal impoundment and forfeiture provisions that were inconsistent with the provisions of Title 28).

[6]   In 2017, subsequent to Good's sentencing, the legislature amended this provision, changing the word "offenses" to "crimes."  SLA 2017, ch. 13, § 24.  The legislative history of this change indicates that it was a technical change clarifying that AS 29.25.070(g)'s prohibition against municipal ordinances imposing "greater punishments" than those imposed by state law applied only to "crimes," and not to minor offenses such as traffic infractions. The amendment therefore sheds no light on the issue presented in this appeal.

[7]   *See, e.g.*, *Madonna v. Tamarack Air, Ltd.*, 289 P.3d 875, 878 (Alaska 2013).

*Why we conclude that the mandatory impoundment requirement of the
Anchorage Municipal Code is not rendered invalid by AS 29.25.070(g)*

### 1. Law of implied repeal

Statutes may be repealed by implication. There are two categories of implied repeal:

> (1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act.[8]

On appeal, Good relies solely on the first category of implied repeal.

In Alaska, there is no automatic presumption against implied repeal,[9] as this type of presumption runs contrary to the "real probability . . . that the purpose of new legislation is to change prior law."[10]

In *Peter v. State*, the Alaska Supreme Court stated:

> [W]e should not commence with a presumption against implied repeal. We shall look to the purpose indicated by the legislature in passage of an act in our effort to determine whether the new enactment is intended to repeal a prior one. If enforcement of the prior statute is in irreconcilable conflict with such purpose, it will be held to have been impliedly repealed.[11]

---

[8]   *Peter v. State*, 531 P.2d 1263, 1267 (Alaska 1975).

[9]   *Progressive Ins. Co. v. Simmons*, 953 P.2d 510, 516 (Alaska 1998).

[10]   *Peter*, 531 P.2d at 1268.

[11]   *Id.*

Accordingly, we look to the legislative intent behind each of the state statutes to determine whether enforcement of AS 28.01.015 would be in "irreconcilable conflict" with the purpose of the subsequently enacted statute, AS 29.25.070(g).

### 2. Legislative intent of AS 28.01.015

In enacting AS 28.01.010, the legislature's specific goal was statewide uniformity of traffic laws among the political subdivisions within the State.[12] Under AS 28.01.010(a), "A municipality may not enact an ordinance that is inconsistent with the provisions of [Title 28] or the regulations adopted under [Title 28]."

But since 1983, Title 28 has contained an explicit exception to the requirement that municipal ordinances may not be inconsistent with the provisions of Title 28.[13] (This exception was originally codified in AS 28.35.038 and is now codified in AS 28.01.015.) Under this exception, a municipality may enact an ordinance providing for the impoundment or forfeiture of a motor vehicle used in several delineated offenses, including operating under the influence, even if this provision is more stringent than its state counterpart.

In *McCormick v. Anchorage*, we explained (when interpreting the former statute), that by enacting AS 28.35.038, the Alaska Legislature explicitly granted municipalities the power under certain circumstances to enact impoundment and forfeiture ordinances that are inconsistent with the other provisions of Title 28.[14] In other words, the legislature intended AS 28.35.038 to be a specific carve-out for impoundment

---

[12] *See Simpson v. Anchorage*, 635 P.2d 1197, 1203 (Alaska App. 1981).

[13] *See* former AS 28.35.038 (enacted by SLA 1983, ch. 77, § 23).

[14] *McCormick v. Anchorage*, 999 P.2d 155, 167 (Alaska App. 2000).

and forfeiture provisions, allowing municipalities to adopt these provisions for certain types of offenses even when the provisions are inconsistent with state statutes.

In 2002, the legislature repealed AS 28.35.038 and replaced it with AS 28.01.015 — expanding the situations in which the municipality could adopt a broader impoundment or forfeiture ordinance.[15] Under the new statute, municipal impoundment and forfeiture ordinances for certain offenses, including operating under the influence, continue to be a permissible carve-out to the uniformity requirement of Title 28, but only if the ordinance is "more stringent than or the same as" corresponding state law.[16]

### 3. Legislative intent of AS 29.25.070(g) and Senate Bill 91

Subsection (g) of AS 29.25.070 was added in 2016 as part of Senate Bill 91.[17] According to a sponsor statement by Senator John Coghill, Senate Bill 91 was intended to reduce recidivism, lower corrections costs caused by long sentences, and reinvest the savings into alternative crime reduction schemes, such as pretrial practices and reentry services.[18]

The opening paragraphs of Senator Coghill's Sponsor Statement read:

Senate Bill 91 implements proven practices to reduce recidivism, keep Alaskans safe, hold offenders accountable, and control corrections spending.

---

[15] SLA 2002, ch. 60, §§ 6, 55.

[16] AS 28.01.015(b).

[17] SLA 2016, ch. 36, § 113.

[18] Sponsor Statement for Senate Bill 91, Senator John Coghill, Version N (March 28, 2016).

> Increased spending on prisons has not brought Alaskans greater public safety: nearly two out of every three inmates who leave prison return to prison within three years. The high rate of recidivism has significantly increased Department of Corrections operating costs to $324 million in FY 2016, and spurred the opening of the Goose Creek Correctional Center, costing the state $240 million in construction funds.[19]

The sponsor statement then provides that the bill will (1) implement evidence-based pretrial practices, (2) focus prison beds on serious and violent offenders, (3) strengthen probation and parole supervision, (4) improve opportunities for successful reentry, and (5) reinvest a portion of the savings from these reforms into evidence-based practices.[20]

Senate Bill 91 was the product of recommendations issued by the Alaska Criminal Justice Commission.[21] The Commission found, "based on prison population data for the preceding decade, that 'incarceration [was no] more effective at reducing recidivism than non-custodial sanctions' — that, indeed, for low-level offenders, sending them to prison seemingly *increased* the rate of recidivism."[22]

Senator Coghill's sponsor statement, when viewed together with the Commission's finding and the plain language of AS 29.25.070(g), indicates that Senate Bill 91 was intended to reduce corrections spending and recidivism in part by limiting incarceration in favor of non-custodial sanctions and rehabilitation. To that end,

---

[19] *Id.*

[20] *Id.*

[21] *See* Sponsor Statement for Senate Bill 91, Senator John Coghill, Version N (February 10, 2016); *Anchorage v. Beezley*, 435 P.3d 978, 981 (Alaska App. 2018).

[22] *Beezley*, 435 P.3d at 981 (quoting Alaska Criminal Justice Reinvestment Report (2015), pp. 8-9) (emphasis in *Beezley*).

AS 29.25.070(g) prohibited municipalities from imposing punishments for municipal offenses that exceed the punishments authorized for comparable state offenses.

### 4. Whether there is an irreconcilable conflict between AS 28.01.015 and AS 29.25.070(g)

In assessing whether there is an irreconcilable conflict between AS 28.01.015 and AS 29.25.070(g), legislative intent is key.[23] If AS 28.01.015 is in irreconcilable conflict with the purpose of AS 29.25.070(g), then it has been impliedly repealed.[24] If, on the other hand, AS 28.01.015 still has a rational purpose after the enactment of AS 29.25.070(g),[25] both statutes continue to be valid.[26]

To make this determination, we assess the totality of the legislative framework within which these statutes are included.[27] We interpret the two statutes "in context with other pertinent provisions rather than in isolation, and with a view toward reconciling conflict and producing 'a harmonious whole.'"[28]

As we discussed above, for decades the legislature has precluded municipalities from enacting ordinances that are inconsistent with the state's motor

---

[23] *See Progressive Ins. Co. v. Simmons*, 953 P.2d 510, 516 (Alaska 1998).

[24] *See id.*

[25] *See id.* at 518.

[26] *See Peter v. State*, 531 P.2d 1263, 1268 (Alaska 1975).

[27] *See Lampley v. Anchorage*, 159 P.3d 515, 524 (Alaska App. 2007) (considering whether municipal ordinance was fatally inconsistent with state statute).

[28] *Progressive Ins. Co.*, 953 P.2d at 516 (quoting *City of Anchorage v. Scavenius*, 539 P.2d 1169, 1174 (Alaska 1975)).

vehicle laws under Title 28.[29] At the same time, since 1983, the legislature has expressly carved out impoundments and forfeitures from this general uniformity requirement.[30]

In 2016, the legislature expanded the uniformity requirement by adding a provision to Title 29 that applies to all crimes under both Title 11 and Title 28. Under this new provision, uniformity is no longer limited to motor vehicle laws; rather, municipalities are precluded from imposing a "greater punishment" for any municipal violation than the punishment imposed for a comparable state crime.[31]

But there is no reason to think that, by adding a uniformity provision to Title 29 and expanding it to include all offenses under Title 11 and Title 28 (but otherwise leaving the more specific Title 28 uniformity provision in place), the legislature intended to repeal the long-standing carve-out in Title 28 for impoundments and forfeitures. Indeed, we have not identified anything in the legislative history of Senate Bill 91 or AS 29.25.070(g) to suggest that the legislature had impoundments and forfeitures in mind when it enacted this provision.

The Alaska Supreme Court confronted an analogous situation in *Hafling v. Inlandboatmen's Union of Pacific*.[32] In *Hafling*, the court considered whether the Public Employment Relations Act (PERA), which gave all public employees the right to organize and bargain collectively with their public employers, applied to state ferry system workers.[33] This question in turn hinged on whether the enactment of PERA

---

[29] *See* AS 28.01.010(a).

[30] AS 28.01.015; former AS 28.35.038.

[31] AS 29.25.070(g).

[32] *Hafling v. Inlandboatmen's Union of the Pacific*, 585 P.2d 870 (Alaska 1978).

[33] *Id.* at 871.

– 11 –

2655

impliedly repealed another statute, enacted nine years earlier, that had specifically authorized the commissioner of public works to engage in collective bargaining with state ferry employees.[34] The supreme court declined to find that PERA impliedly repealed the earlier statue but instead construed the statutes in *pari materia*, concluding that PERA did not undercut the earlier statute but instead provided additional guidelines and procedures for collective bargaining.[35]

We similarly conclude that, while AS 29.25.070(g) was intended to expand sentencing uniformity throughout the state, it did not undercut the more specific statute governing impoundments and forfeitures that had existed as a carve-out to this uniformity for decades.

This conclusion is consistent with the rule of statutory construction favoring specific provisions over more general provisions. As we have previously stated, "where one statute deals with a subject in general terms and another deals with a part of the same subject in more detail, the two should be harmonized if possible, but if there is any conflict, the more specific statute will prevail."[36] Additionally, continued enforcement of the impoundment and forfeiture carve-out in AS 28.01.015 is not inconsistent with the stated purpose of Senate Bill 91 — "to reduce recidivism, keep the public safe, hold offenders accountable, and control spending on corrections."

For these reasons, we conclude that there is no irreconcilable conflict between the two statutes, and therefore AS 29.25.070(g) did not impliedly repeal

---

[34] *Id.* at 876.

[35] *Id.*

[36] *Lamkin v. State*, 244 P.3d 540, 541 (Alaska App. 2010) (quoting *Waiste v. State*, 808 P.2d 286, 289 (Alaska App. 1991)); *see also State of Alaska, Dep't of Highways v. Green*, 586 P.2d 595, 602 (Alaska 1978) (same).

AS 28.01.015.  Accordingly, the district court did not err in ordering that Good's vehicle be impounded for 30 days.

*Conclusion*

The judgment of the district court is AFFIRMED.